MALONE *v.* INGALLS SHIPBUILDING CORPORATION, et al.

No. 41699 March 6, 1961 127 So. 2d 403

*Carl E. Berry, Jr.,* Hattiesburg; *W. S. Murphy,* Lucedale, for appellant.

*White & White,* Gulfport, for appellees.

Arrington, J.

The appellant, J. A. Malone, claimant below, appeals from a judgment of the Circuit Court of Jackson County affirming the decision of the Workmen's Compensation Commission. The attorney-referee had made an award to the appellant for temporary total disability and medical benefits for a period of one year from May 28, 1957, and also awarded permanent partial disability benefits.

The Commission, by a majority vote, affirmed the award of temporary total disability and medical benefits for an injury sustained by claimant on May 27, 1957 which aggravated a pre-existing back condition, but held that the injury and aggravation were not permanent and reversed the order of the attorney-referee as to permanent partial disability benefits. The appellees do not appeal from the order of the Commission affirming the temporary total disability and medical benefits.

The appellant argues that the circuit court erred in affirming the decision of the Workmen's Compensation Commission on the ground that the Commission found that the appellant had spondylolisthesis when there was no evidence in the record to support such a finding. We agree with the appellant that there was no finding in the record by the doctors that the appellant had spondylolisthesis. However, all the doctors, including two orthopedic surgeons, with the exception of the employer's doctor, found that appellant was suffering from a pre-existing arthritis and degenerative disc disease. The em-

ployer's doctor testified that he examined appellant the day after the alleged injury and found no evidence of any direct blow to the back, "no hematoma or such that would be found on a direct blow." His diagnosis was muscle strain.

The Commission, in effect, held that the appellant was temporarily and totally disabled for a year as a result of an aggravation of a pre-existing back disease, and that he had received no permanent disability as a result of the injury. In other words, their decision was that he had recovered from the injury and was suffering only from his pre-existing back disease. Since the evidence of three of the doctors was that the appellant was suffering from a pre-existing degenerative disc disease and arthritis, the effect of the Commission's decision is the same regardless of the name of the disease.

 In the recent case of Highway Patrol, et al. v. Dependents of Claude C. Neal, (Miss.), 124 So. 2d 120, the Court held that where the Commission based its order upon an improper ground but reached the right result the case would be affirmed. In the case of Rathborne, Hair & Ridgeway Co. v. Green, (Miss.) 115 So. 2d 674, the Court said: "The rule in this State is that when a pre-existing disease or infirmity of an employee is aggravated, lighted up, or accelerated by a work-connected injury, or if the injury combines with the disease or infirmity to produce disability, the resulting disability is compensable. A corollary to the rule just stated is that when the effects of the injury have subsided, and the injury no longer combines with the disease or infirmity to produce disability, any subsequent disability attributable solely to the disease or infirmity is not compensable."

 The evidence in this case justified the Commission in finding that the effects of the injury had subsided and that any continuing disability of claimant was attributable solely to the pre-existing disease. We are of

the opinion that the Commission's finding was supported by substantial evidence and that the judgment should be affirmed.

Affirmed.

*McGehee, C.J.,* and *Gillespie, McElroy* and *Jones, JJ.,* concur.