CROW *v.* GUY SCOGGINS GENERAL OILFIELD CONTRACTING
COMPANY

No. 42815 November 25, 1963 158 So. 2d 1

*Arrington & Arrington,* Hazlehurst, for appellant.

(1)

*Daniel, Coker & Horton,* Jackson, for appellees.

JONES, J.

On November 6, 1961, appellant went to work as a roustabout for Scoggins. On the 8th, he was engaged in building a board road and said he felt something in his back like he sprained a muscle while lifting a board. He finished the work for that day but the next day he stayed at home because he felt he could not work. Later, on the 11th, he went to see Dr. Harper at Fayette. Dr. Harper gave him a shot for pain and sent him to the Charity Hospital at Natchez, where he was treated by Dr. J. L. Henderson. There the doctor found him suffering with spondylolysis, which the doctor says is the

separation of the front part of the vertebrae from the back part so that you have an unstable back. This condition existed before the accident here involved. After trying conservative treatment, the doctor fused his back.

The doctor did not make any report to the proper authorities about his examination. He stated that he considered the man as a charity patient. He was not treating the patient at the request of the employer. Employer had received no request for medical assistance.

On the hearing, the Commission overruled the holding of the attorney-referee that there was no evidence to sustain a claim for an injury received in the course of the employment. The Commission held that the evidence was sufficient to show that he was injured in the course of his employment and allowed him total disability from the date of his injury through February 21, 1962. The claim for permanent partial disability was denied. They held that since the doctor had not complied with the law, any claim for medical benefits was denied.

The matter was appealed to the circuit court and there the ruling of the Commission was affirmed, and it is now brought here.

There seems to be no dispute as to the facts. The only physician that testified was Dr. J. L. Henderson and upon his testimony the Commission, in its opinion, stated and held:

"The treating physician, Dr. J. L. Henderson, an orthopedic surgeon, stated that 'the claimant's back is in a more stable condition since surgery than it was prior thereto, but is stiff' and that, in his opinion, the claimant suffered a 15% permanent partial disability as a result of his operation. The doctor actually testified to the following question:

'Q. Did you assign his percentage of permanent partial disability?

'A. I figure he was a fifteen percent permanent partial disability, not as a result of his injury, but as a result of the work we had to do on him, because the back will be stable; but in spite of that his back will be better than it was before he hurt his back. It's more stable. His chances of having trouble with it from now on should be less than before he got hurt. He had no nerve root damage that I know of.'

"In view of the foregoing, it would appear that although the claimant does have some disability, he is in substantially better physical condition than he was prior to the accident; consequently, he would not have any resulting physical disability as a result of the accident."

 █ The Court has given careful consideration to this case, and we think the cases of Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So. 2d 674; and Malone v. Ingalls Shipbuilding Corp., 240 Miss. 319, 127 So. 2d 403, are controlling. █ In disallowing medical expenses, the Commission followed Sec. 6998-08, Miss. Code 1942, and Ingalls Shipbuilding Corp. v. Byrd, 215 Miss. 234, 60 So. 2d 645. The case is affirmed.

Affirmed.

*McGehee, C. J., and Ethridge, McElroy and Brady, JJ.,* concur.