POWERS *v.* ARMSTRONG TIRE & RUBBER COMPANY, et al.

No. 43417          April 12, 1965          173 So. 2d 670

*J. A. Travis, Jr., L. K. Travis,* Jackson; *R. L. Netterville,* Natchez, for appellant.

*Laub, Adams, Forman & Truly,* Natchez, for appellees.

INZER, J.

This is a workmen's compensation case. It is before us on appeal by claimant, Conious Powers, from an order of the Circuit Court of Adams County, which affirmed an order of the Mississippi Workmen's Compensation Commission denying workmen's compensation benefits to appellant. Since the appeal was perfected, claimant has died, and this Court sustained a motion to revive this cause in the name of Mrs. Bessie Smith Powers, executrix of the estate of Conious E. Powers, deceased.

The record reflects that the initial hearing was had on December 15, 1960 and that the file was placed in

abeyance. Subsequent hearings were had on April 19 and June 16, 1963, at which time the record was completed. The attorney referee rendered a decision and order on September 18, 1963. The attorney referee made the following findings of fact:

1. That Claimant is permanently and totally disabled;
2. That his disability is due to an emotional condition and to the fact that he's required to take anticoagulants;
3. That Claimant's condition requiring the medication is the result of progression of a cardiovascular disease;
4. That the two episodes of dizziness and headaches were only symptoms of his disease;
5. That the evidence is insufficient to show that Claimant's disease and disability was caused by or aggravated by an accidental injury in the course and scope of his employment.

The order of the attorney referee denied the claim for compensation. This order was affirmed upon review by the full commission by order entered December 6, 1963. The order of the commission was affirmed by the circuit court.

Counsel for appellant recognizes the rule of law announced by this Court that where the Workmen's Compensation Commission's order is supported by substantial evidence and is not manifestly wrong, this Court should not and will not disturb the commission's findings. Boyd Constr. Co. v. Worthy, 234 Miss. 671, 107 So. 2d 120 (1958); Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So. 2d 356 (1953); Sones v. Southern Lbr. Co., 215 Miss. 148, 60 So. 2d 582 (1952). However, appellant contends that the order of the commission and the order of the circuit court were not supported by substantial evidence. The disability for which compensation is sought is a mental or emotional disorder known as depressive reaction, which appellant contends

followed a traumatic injury. Appellant relies on testimony of two psychiatrists, which she contends is undisputed and uncontradicted in the record.

Claimant was employed as a maintenance mechanic by Armstrong Tire & Rubber Company, and had been so employed since 1938. As a part of his duties he was required to change the drums on the tire building machines, and sometimes it was necessary for him to make as many as ten changes in a work day. This work was described as hard manual labor and it placed the claimant under a strain while making these changes. Prior to September 4, 1959 claimant had not missed much time from work, and so far as his fellow workers knew his health was all right. They had never heard him make any complaints. On September 4, 1959, while claimant and two other employees were changing the bandbuilding drum on a tire machine, claimant testified that on this occasion, while in the act of lifting the drum, he felt a pain in the back of his neck. It was near the end of his shift, and he did not report to anyone his alleged injury, but went to his locker and took two aspirin tablets and finished out the shift. The next morning he was dizzy and could not stand without holding. He notified the day superintendent that he would not be able to work that day. He then called Dr. Thomas H. Gandy, who had him admitted to the hospital, where he remained six days under the treatment of Dr. Gandy.

Claimant then returned to work and worked until October 14, 1959. On this day, while changing the drum on a passenger tire building machine, he felt a pain in the back of his neck and became dizzy. He again took two aspirin tablets and finished out his shift. The next day he was again admitted to the hospital under Dr. Gandy's care. He did not return to work any more after this occasion. The only evidence in the record that claimant ever reported to anyone that he had been injured was his own testimony that he told the day superintendent that he hurt himself.

Both Dr. Gandy and Dr. Texado, after examination and treatment of claimant, determined that he was suffering from a vascular insufficiency which was caused by a narrowed blood vessel in the vicinity of the brain stem. They placed him on medication known as dicumarol, which is a blood anticoagulant. Although Dr. Gandy released claimant to go back to work, his employer did not let him return to work because of the danger that an injury to claimant might cause him to bleed, and if so, he might bleed to death before the bleeding could be stopped. His employer placed him on sick leave and he drew sick leave pay until he was retired. He then drew retirement pay. Dr. Gandy testified he was positive that any episodes of pain or dizziness caused by lifting did not cause or contribute to the disease from which claimant was suffering.

The proof further shows that after claimant was not allowed to return to work he became very depressed. As a result of this depression he was examined by Dr. Willard R. Waldron, who is a specialist in the field of psychiatry. Dr. Waldron first saw claimant on October 12, 1960, and from his examination found him to be suffering from depressive reaction, which is an emotional disturbance. Dr. Waldron saw him on other occasions, the last being on April 16, 1963. At that time he was still suffering from depressive reaction. Dr. Waldron, when asked as to whether the episodes of September 4 and October 14 contributed to claimant's depression, testified that in his opinion they were the primary source of his depression. Before he arrived at this conclusion Dr. Waldron made the following statement:

It is my feeling very definitely that the depression for which I treated him and which has obviously relapsed was the result of his loss of his employment putting him in a position of very poor economic circumstances and it is my feeling that the depressive reaction was the result of losing his job which was

the result of his having had two episodes of what may or may not have been cerebral hemorrhage embolism or thrombosis.

On cross-examination Dr. Waldron testified that he gave significance to the two episodes with respect to claimant's condition only because the episodes caused his employer to retire claimant, thereby bringing on his depressive reaction. A careful examination of Dr. Waldron's testimony reveals that in his opinion the cause of the depressive reaction of claimant was due to the fact that the claimant was not allowed to return to work, and was not as a result of any injury received by working. These episodes were important to him only because they caused the claimant to lose his job. It was stipulated that Dr. Roland B. Toms, a psychiatrist at the University Medical Center at Jackson, Mississippi, were he to testify, would give testimony cumulative to the testimony of Dr. Waldron.

■■ The rule of law in this state is that in order for a claim for compensation to be based on a mental or nervous disease allegedly resulting from an industrial accident, the accident must be established by evidence bringing it within the realm of probability, and causal connection with the accident must be proved by clear evidence. Johnson v. Gulfport Laundry and Cleaning Co., 249 Miss. 11, 162 So. 2d 859 (1964); International Paper Co. v. Wilson, 243 Miss. 659, 139 So. 2d 644 (1962).

■■ The commission found that the disease from which claimant was suffering was not caused or aggravated by an accidental injury suffered in the scope and course of his employment. After careful examination of all the evidence we cannot say that there was not substantial evidence to support such a finding or that the commission was manifestly wrong.

We are of the opinion that the order of the circuit court affirming the order of the Mississippi Workmen's

Compensation Commission should be and it is hereby affirmed.

Affirmed.

*Kyle, P. J., and Ethridge, Rodgers and Brady, JJ.,* concur.