MILLER TRANSPORTERS, LTD., et al. *v.* DEAN

No. 43662        November 8, 1965        179 So. 2d 552

*Daniel, Coker & Horton,* Jackson, for appellants.

*Joe R. Odom, Gerald Adams,* Meridian, for appellee.

BRADY, TOM P., J.

This is an appeal from a judgment of the Circuit Court of Newton County reversing the order of the Mississippi Workmen's Compensation Commission. The full commission affirmed the findings, opinion and order of the attorney referee awarding appellee temporary total disability payments from July 22, 1962, to August 10, 1962, but ordered no permanent disability benefits.

The circuit court in the reversal and remand also ordered the employer carrier to pay the claimant temporary total compensation from July 22, 1962, at the established rate of $35 per week, together with all medical expenses and supplies, to January 24, 1964, the date of the hearing. It directed the commission to further consider the claim as to the duration of claimant's temporary total disability and as to permanent disability as the facts may show.

The relevant facts are as follows: Appellee had been employed as a truck driver by the employer carrier since approximately 1957. He was a part-time worker, receiving furloughs during the late fall, winter and early spring months of the years. He was furloughed by the employer on November 25, 1961, and did not drive a truck for the employer until May 21, 1962. During this period of time he was under the care and treatment of Dr. R. L. Moore, Jr., of Philadelphia, Mississippi. The narrative report of Dr. Moore was admitted as an exhibit

in this case and it shows that he treated the appellee for prostatitis and acute pyelitis from October 30, 1961, through February 5, 1962, at which time his prostate was still tender. The appellee resumed his work with the employer on May 21, 1962, and drove the trucks until July 22, 1962, at which time he became disabled and received treatment from Dr. Austin P. Boggan of Decatur, Mississippi.

There is no contention by either party that the appellee sustained any trauma during the period he drove a truck after he resumed his employment on May 21, 1962. The record discloses that Dr. Boggan hospitalized the appellee in Union, Mississippi, and treated the acute infection, discharging appellee after three days of hospitalization. Dr. Boggan made a diagnosis of prostatitis, pyelitis, and bursitis to the shoulder.

At the hearing before the attorney referee the appellee, his wife, and Dr. Boggan testified. The narrative report of Dr. R. L. Moore of September 2, 1963, by agreement, was introduced. It was further stipulated and agreed that if Mr. J. G. Morgan, Personnel Manager for Miller Transporters, Ltd., testified, he would testify that his records show that appellee was furloughed on November 25, 1961, recalled on May 21, 1962, and worked until July 22, 1962.

Based on this evidence, the attorney referee, on July 6, 1964, entered an award directing temporary total disability payments from July 22, 1962, to August 10, 1962, and ordered no permanent total disability payments.

On September 15, 1964, the attorney referee's order was affirmed by the full commission.

On December 29, 1964, the Circuit Court of Newton County reversed the commission's order, holding that there was no substantial evidence to support the findings of the commission. The time of temporary total disability was extended from August 10, 1962, to January 24, 1964, and the case remanded for further consideration

by the commission, insofar as the duration of claimant's temporary total disability and/or permanent total disability is concerned.

The error assigned here by the appellants is simply that the circuit court erred in holding that there was no substantial evidence to support the commission's findings in this case. The circuit court's judgment provides:

> Our Court has held that the employer and carrier assumes the burden when they plead a pre-existing physical handicap, disease or lesion. This must be proved by a preponderance of the evidence. The burden never shifts. The Commission found that all disability of Claimant, subsequent to August 10, 1962, was due to a prior existing physical handicap, disease or lesion. The amendment to the Workman's Compensation Act that provides that the award to a Claimant may be deduced because of a pre-existing condition that has contributed to Claimant's inability to perform his work is Chapter 277, Laws of 1960.

> Our Court has set out the factors that must be shown and proven in such case in the case of *Cuevas vs. Sutter Well Works,* 150 *So. 2d* 524.

> After a careful study of this record, this Court holds that the employer and carrier have not met the burden of proof to establish by a preponderance of the evidence that the disability of Claimant, since August 10, 1962, is due to a pre-existing condition. In fact, there is no substantial evidence to support such finding. It follows that said cause must be reversed.

The question presented to us therefore is whether or not the full Mississippi Workmen's Compensation Commission had substantial evidence to support its affirmance of the attorney referee's findings of fact, and order. The appellee's pleadings show that his claim is based upon a pre-existing condition. In describing the accident and cause of injury under paragraph (e) of the claim form B-5, 11, the appellee alleged:

(C)ontinuous minor trauma and irritation as result of driving truck, and constant riding brought to light and aggravated a pre-existing prostatitis condition and acute pyelitis, resulting infection caused arthritis and bursitis of neck and shoulders.

■■■ The record discloses that no proof was made other than to show that the truck driving irritated the pre-existing condition. It follows, therefore, that the appellee cannot now assert that he did not have a pre-existing condition, when his claim is based upon an aggravation of such condition.

Searching the record to determine whether or not there is substantial evidence to support the commission's finding of a pre-existing condition, we find that appellee testified on direct examination that he was treated by Dr. R. L. Moore of Philadelphia for prostatitis and pyelitis. He stated that he was treated from approximately October, 1961, through January, 1962, and that he was hospitalized for eight days by Dr. Moore. The appellee, on March 25, 1963, filed an application for hospital insurance benefits with the hospital insurance carrier. In this application appellee lists ''prostotglan and kidneys, severe bursitis with associated trapezins'' as his disease.

The appellee, on the compensation application form B-5, 11, in answering the question of when he first knew he had this disease, lists March or April, 1962, as the date. Furthermore, in an attempt to collect hospital benefits for the July, 1962, period of hospitalization, appellee, on May 19, 1963, gave a representative of the Travelers Insurance Company a signed statement. On page 2 of this exhibit the appellee states that he started having trouble back in the spring of 1962. Mrs. Myrtle Dean, appellee's wife, freely admitted that the appellee had the difficulty during the winter of 1961 and in 1962, and that Dr. R. L. Moore, Jr., had treated him.

Dr. Boggan's testimony also indicates that the appellee had a pre-existing condition. Dr. Boggan testified that pyelitis and prostatitis were infections and were related. Moreover, he doubted that driving the trucks caused the acute pyelitis, but felt that it contributed to the prostatitis, and possibly to bursitis. Fairly interpreting all the testimony of Dr. Boggan relating to appellee's recovery, it is apparent to us that on August 10, 1962, the infection had cleared up in his urine and the appellee had reached a pre-aggravation condition, with the same attendant disability.

██ ██ We have heretofore pointed out in Rathborne, Hair & Ridgeway Box Co. v. Green, 237 Miss. 588, 115 So. 2d 674 (1959), that where a claimant has a pre-existing condition and sustains an ''on the job'' aggravation and, after treatment or surgery, his condition reverts to the same as it was prior to the injury, though pre-aggravated, the employer and carrier are not responsible for any compensation or medical benefits. See Crow v. Guy Scoggins Gen'l Oilfield Contracting Co., 248 Miss. 1, 158 So. 2d 1 (1963); Malone v. Ingalls Shipbuilding Corp., 240 Miss. 319, 127 So. 2d 403 (1961).

██ ██ Insofar as his shoulder condition and his bursitis are concerned, the testimony of Dr. Boggan does not support appellee's contention that the shoulder condition is causally related to the prostatitis and pyelitis. The questions propounded by appellee's attorney related only to whether or not there was a possibility of such causal connection. Because of the vague and indefinite nature of this testimony, which dealt only with possibilities, we conclude that neither the referee nor the commission erred in failing to find that there was a causal connection between the shoulder condition and appellee's pre-existing prostatitis and pyelitis.

██ ██ It appears, therefore, that the basis of the referee's award of temporary total disability benefits from July 22 through August 10, 1962, is supported by

substantial evidence. ██ █ Under the well settled rule in Mississippi that the full Mississippi Workmen's Compensation Commission is the fact finding body and that their findings will not be disturbed when based on substantial evidence, we are compelled to reverse the judgment of the circuit court and reinstate the judgment of the full commission. See Powers v. Armstrong Tire & Rubber Co., 252 Miss. 717, 173 So. 2d 670 (1965); Boyd Constr. Co. v. Worthy, 234 Miss. 671, 107 So. 2d 120 (1958); Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So. 2d 356 (1953); Sones v. Southern Lumber Co., 215 Miss. 148, 60 So. 2d 582 (1952).

For the foregoing reasons, the judgment of the Circuit Court of Newton County is reversed and the order of the full Mississippi Workmen's Compensation Commission is reinstated.

Reversed and order of Commission reinstated.

*Ethridge, P. J., and Gillespie, Jones and Smith, JJ.,* concur.