FUTORIAN-STRATFORD FURNITURE COMPANY *v.* BUSKIRK

No. 43682          November 15, 1965          179 So. 2d 840

*Wade H. Lagrone, Mitchell, McNutt & Bush,* Tupelo, for appellants.

*Mitchell & Rodgers,* Tupelo, for appellee.

JONES, J.

This is a workmen's compensation case. The Workmen's Compensation Commission, on the report of the attorney-referee and the evidence introduced before him, found and adjudicated that while the claimant ''had received an injury in the course of his employment, that at the same time he had an existing disability which was aggravated by the said injury, but which had subsided and that there was no disability attributable to the accidental injury other than that from the date of the injury, February 23, 1962, to April 14, 1962.''

The case was appealed to the Circuit Court of Chickasaw County and the finding of the Commission was reversed and an order entered in favor of the claimant, finding and adjudicating that the order of the Commission contained error of fact and law; that the same should be reversed and remanded to the Commission for determining the percentage of the total and perm-

anent disability of the claimant caused by the pre-existing condition and the percentage caused by the injury.

On appeal to this Court it is argued there was no substantial testimony to support the finding of the Commission and the main argument is upon the allegation that the employer had the burden of proving that the present disability, if any, was due to a pre-existing condition. To support this argument he cites the case of Hale v. General Box Manufacturing Co., 235 Miss. 301, 108 So. 2d 844 (1959).

On the first hearing in this matter, the claimant introduced as a witness his physician, Dr. R. G. Hendrick, who diagnosed his injury as muscle sprain of the back, also osteoarthritis and some narrowing of the disc between lumbar 5 and S-1. Dr. Hendrick testified on that hearing that in his opinion the muscle sprain had had time to heal itself and that pain in the back was probably not due to the muscle sprain but "due to other illnesses — other conditions." When asked what caused the pain in his back in February of that year, he answered: "Painful sprain of lumbar muscles; that is all." He further testified that in his opinion the pain from the muscle sprain had subsided, and when asked what was causing the present pain, he answered: "The degenerated disc disease; the osteoarthritis." The first hearing was held on August 29, 1962, and at the request of the claimant, the claim was dismissed.

Claimant re-filed his claim and a new hearing was had on October 23, 1963. At a subsequent continued hearing on December 18, 1963, Dr. J. H. Swartzfager was introduced by claimant and he testified that he reviewed some X-rays of claimant and found that he had osteoarthritis of his back and narrowing of the disc space between L-5 and S-1, thought to be degenerative disc disease. His further testimony, in response to a hypothetical question, was that in his opinion the injury complained of (claimant whirled to avoid some falling

material) accelerated, aggravated, contributed to, or combined with his condition to bring about his present disability.

Dr. Hendrick was again introduced and testified as he had on the first examination.

Dr. E. C. Schultz testified by deposition introduced by the employer. He saw the claimant on April 5, 1962, and was asked whether if in his opinion the condition present at the time of his examination was due to disease or trauma. He answered that he thought it was due to disease. He further testified that the injury which Mr. Buskirk related to him as of February 1962 had nothing to do with the condition he observed at the time of his examination.

In Hale, supra, it was held that when injury by an accident arising out of and in the course of employment is shown, the burden is on the employer to prove his defense that present disability is due to some other intervening cause or pre-existing condition for which he is not responsible. The Court quoted from 100 C.J.S. *Workmen's Compensation* section 521 at 490 (1958), to support such holding. Immediately following the portion of C.J.S. quoted, it is further stated:

However, where the evidence is conflicting on the issues whether the accident had occurred, and, if so, whether the claimed injuries were the result of such accident, the rule that when serious injury is conclusively shown and logical cause for it is proved the burden is on the employer to overcome this proof by showing that another cause of injury was more logical is inapplicable." 100 C.J.S. *Workmen's Compensation* § 521 at 491 (1958).

In Miss. Products, Inc. v. Skipworth, 238 Miss. 312, 118 So. 2d 345 (1960), the *Hale* case was distinguished.

The recent case of Miller's Transporters, Ltd. v. Dean, 254 Miss. 1, 179 So. 2d 552, also bears upon this question.

■■ ■ The Commission had ample evidence, based on the testimony offered by the claimant disclosing a degenerative disease and the testimony of two doctors showing that the condition resulting from the injury had subsided and that the present pain was due from the pre-existing disease, to support its findings.

The order of the circuit court is therefore reversed, the order of the commission reinstated, and the cause remanded for what other proceedings, if any, are requisite.

Reversed and order of Commission reinstated and remanded.

*Ethridge, P. J., and Gillespie, Brady and Inzer, JJ.,* concur.