ETHRIDGE, Chief Justice.
In this workmen’s compensation case, Mrs. Lellar Huffstatler claimed that she received an accidental injury by electric shock in her employment for National Impact Metal Corporation, resulting in a psychoneurosis or conversion reaction and an accompanying inability to use her right hand and arm. The Workmen’s Compensation Commission adopted the opinion of the attorney referee and denied compensation benefits. The Circuit Court of Union County reversed and awarded twenty per cent permanent partial disability.
The Commission is the trier of facts, and its order will be affirmed if there is substantial evidence to support it. Moreover, a claimant asserting that a mental or nervous disease resulted from an industrial accident must show the causal connection between the accident and the psychoneurosis by clear evidence. International Paper Company v. Wilson, 243 Miss. 659, 139 So. 2d 644 (1962); Bates v. Merchants Company, 249 Miss. 174, 161 So.2d 652 (1964); Johnson v. Gulfport Laundry & Cleaning Company, 249 Miss. 11, 162 So.2d 859 (1964); Powers v. Armstrong Tire & Rubber Company, 252 Miss. 717, 173 So.2d 670 (1965). We conclude that there was substantial evidence to support the finding of the Commission, which in effect held that claimant did not have a conversion reaction, and that, if she did, there was no causal relation between the employment and the condition.
Claimant was a production line worker. On December 15, 1960, she received an electrical shock when she placed her right hand on a machine. The severity of the shock is in dispute, and the Commission was warranted in finding that it was a mild one from static electricity. Claimant lost no time from her job, and continued working for the employer for about seven weeks. She then returned to work with National Impact on July 14, 1961, and stayed until January 22, 1962. She worked for another manufacturing company from *878 August 6 to November 30, 1962, when she was laid off, and upon returning, from February 1 to March 12, 1963. Subsequently she worked for several weeks in the kitchen of a motor hotel. All of these jobs required the use of both hands and arms in operating machines and doing other tasks. A number of witnesses for appellant and for the other employers testified that claimant used her right hand and arm in a normal manner without complaining of difficulty. This claim was filed with the Commission on November 29, 1962, two years after the alleged injury.
Dr. Oscar E. Hubbard, a psychiatrist, examined Mrs. Huffstatler on March 17, 1963, and April 1, 1964. He diagnosed her condition as a psychoneurosis or conversion reaction, and he was of the opinion that the electric shock, which she told him was severe, contributed to and caused the condition. Claimant asserted that she was not able to use her right hand or arm, but he observed no atrophy in them. He stated that, if in subsequent employment claimant used both arms and hands with equal dexterity, he would say he had been misled by claimant, and that it might alter his opinion as to causal connection.
Dr. Charles W. Miller, Jr., a psychiatrist, testified as an expert witness, after having examined the testimony of Dr. Hubbard and other witnesses as to claimant’s use of her right arm and hand. He concluded that she did not have a conversion reaction, principally because of testimony (which the Commission had the right to accept) that claimant had good use of her right hand and arm, although she denied it. He said that conversion reaction formerly was known as hysteria, a disorder caused by emotional factors resulting in an impairment of function.
Under all of these circumstances, the Commission was justified in concluding that there was no impairment of function in appellee’s right hand and arm, and that, even if there was, there was no causal relation between a minor electrical shock received by her in 1960 and any existing conversion reaction. Therefore the judgment of the circuit court is reversed, and the order of the Workmen’s Compensation Commission is reinstated and affirmed.
Reversed, and order of Workmen’s Compensation Commission reinstated and affirmed.
BRADY, PATTERSON, INZER and ROBERTSON, JJ., concur.