■ In the Matter of the Claim of JEAN SAMPSON, on Behalf of Herself and Minor Child, Respondent, against ALCO PRODUCTS, INCORPORATED, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from decisions and awards of the Workmen's Compensation Board. Decedent was employed as a "layout man" in the diesel department of the employer's locomotive works. In the course of his work he lifted heavy handrails and other metal material. There is proof, based on the decedent's own testimony, that in January, 1952 when he was "lifting handrails" he "felt this pain in my back". His own physician was of opinion that he had suffered "a lifting injury" and an orthopedist who saw him shortly after felt that he had "a low back strain". Pain in the back persisted and tests made for herniated disc were negative. The orthopedist then felt that decedent had possibly some psychosomatic basis for the persistence of pain. Decedent was referred to a psychiatrist who prescribed shock treatment. As a reaction to the shock treatment it was found that the decedent suffered a paraplegia; and when this unexpected result occurred, further X-ray studies of the lower back showed "an almost complete destruction of the L-2 vertebrae". Surgical intervention followed on which it was developed that the condition of the vertebrae was due to metastatic neoplasm. Within a few months thereafter the employee died due to the spread of neoplasm. There is medical opinion that the original injury and the treatment for it adversely affected the progress of the disease of the lower spine. The injury did not, of course, cause the metastatic process; but it could be found that there was an injury to the lower back occurring in the work, and that the course of treatment resulting from it, and especially the shock treatment undertaken because of the view of the physicians that the claimant's back complaints were partly of psychosomatic origin and required such treatment, adversely affected and accelerated the development of the underlying bone pathology and hence advanced the time of decedent's death. There is within this record, therefore, substantial medical proof to sustain the awards. Awards affirmed, with costs to be divided equally between the respondents. Foster, P. J., Gibson, Herlihy and Reynolds, JJ., concur.