■ In the Matter of the Claim of EUGENE EDMONDS, Respondent, against KALFAIAN & SON, INC., et al., Respondents, and SPECIAL FUND FOR REOPENED CASES, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Claimant sustained an industrial accident in 1941 in which his left arm was crushed, resulting in an amputation above the elbow. In 1950 claimant was committed to a State mental institution. The sole question present on appeal is whether claimant's mental condition is causally related to the accident of 1941. On this question there are conflicting medical evidence and conflicting histories contained

in hospital records. Claimant's father and brother gave a history that they first observed abnormal behavior on the part of claimant in 1948 and 1949. The medical testimony against causal relationship is based largely upon this lapse of time between the accident and the appearances of mental disorder. The hospital record at the State hospital where claimant was eventually committed contains a history given by the claimant's mother that she noticed that claimant became moody, discouraged and brooding shortly after the 1941 accident. The chief psychiatrist at that State hospital who examined claimant testified unequivocally that the accident of 1941 was a factor in precipitating the mental illness. Appellants contend that his opinion is based upon the history given by the mother, who was not called as a witness, and hence there is no substantial evidence to sustain his opinion. We do not think that the psychiatrist was bound to reject the history contained in the hospital record. Moreover, upon cross-examination, he testified that his opinion of causal relationship would be the same based upon the history given by the father and the brother. He remained steadfast in his opinion that the shock of the amputation and the concern over the lost member accumulated over a long period of time and was definitely a contributing cause to his eventual total disability. We may not say as a matter of law that such an opinion was without foundation or support and that the board was required to reject it. Upon the whole record a clear question of fact was presented. Award unanimously affirmed, with one bill of costs to be divided between the claimant-respondent and the Workmen's Compensation Board. Present — Bergan, J. P., Coon, Gibson, Herlihy and Reynolds, JJ.