DEPENDENTS OF MOON *v.* ERWIN MILLS, INC., et al.

No. 42376 October 8, 1962 145 So. 2d 465

*Morse & Morse,* Poplarville, for appellant.

574

576

*Riddell & Dabbs,* Quitman, for appellees.

McGEHEE, C. J.

The deceased employee, John E. Moon, was a white man forty-three years of age at the time of death on December 31, 1958. Mr. Moon had been working since 1945 for the Erwin Mills, Inc. at Stonewall, Mississippi, as office manager, and his duties were supervision of the shipping and payroll departments. He was married to Mrs. Martha Jean Moon and they had three children, all of whom are claimants.

The attorney-referee held that the employee suffered a heart attack, and that the same arose out of, and in the course of, his employment, but we do not think that there was any proof whatsoever that the death of the employee arose out of and in the course of his employment. He died in his bed at home, neither working for nor being on the premises of his employer.

The attorney-referee, in his written opinion, reviewed the testimony given before him in the case, and on appeal to the full Commission, it was found by the

Commission that the findings of the attorney-referee were substantially correct. We think the Commission meant by this that the attorney-referee had substantially and fairly stated the testimony, but the Commission found that, nevertheless, that is to say, assuming that findings of the attorney-referee as to what the proof showed were correct, it was not a compensable claim under the law. The claim was not supported by any presumption under the Workmen's Compensation law that an employee found dead on the job is presumed to have died in the course of his employment and as a result thereof.

The Commission was warranted in believing from the medical testimony that the employee died of a myocardial infarction and was suffering through a period of time beginning approximately two or three days prior to his death from a pain in his chest, a feeling of smothering and pain in his arm, that he did not work on the day of his death but went to the place of business of the employer, had his blood pressure checked by a nurse at the plant, and shortly thereafter telephoned his wife to come and take him home, which was after twelve o'clock, and he died between one and two o'clock of the same day.

It is true that the Commission in its finding mentioned the fact that he had undergone no unusual exertion, etc. on the day of his death, but we do not feel justified in holding that this was the sole reason for the Commission's finding. We think that the Commission merely believes that if he had exerted himself unusually on that day, it would be justified in holding that his death arose out of, and in the course of, his employment.

It is true that Dr. William H. Rosenblatt, a heart specialist, testified that the employee died of rheumatic heart disease with aorta stenosis (a progressive disease),

and that had the employee come to his office on the day in question with the symptoms testified to — the blood pressure, pain in his chest and left arm — that he would never have exercised him because he would have been afraid it would have killed him, and that he would have put him to bed. But there is no proof that he was required to, or did, exercise, or that he devoted any part of his time on that day to the duties of his employment.

We are unable to agree that the finding of the attorney-referee is analogous to the finding of a master in chancery, under the former decisions of this Court as to the weight to be given a finding of the Workmen's Compensation Commission. We think that the case here is not whether the finding of the attorney-referee is supported by substantial evidence but whether or not the finding of the Commission is supported by substantial evidence. The finding of an attorney-referee may be supported by the greater weight of the evidence, but the finding of the Commission may at the same time be supported by substantial evidence. It is now well-settled that the Commission is the trier of fact and that its finding will not be disturbed on appeal if supported by substantial evidence.

After a careful study of the briefs and record of all of the testimony given in this case, we are of the opinion that the Workmen's Compensation Commission was justified in holding that this was not a compensable claim. The judgment appealed from must therefore be affirmed.

Affirmed.

*Kyle, Ethridge, Gillespie* and *Jones, JJ.,* concur.