BRUTON *v.*
MISSISSIPPI WORKMEN'S COMPENSATION COMMISSION

No. 43596 October 4, 1965 178 So. 2d 673

695

*J. A. Travis, Jr., L. K. Travis,* Jackson, for appellant.

*Carey E. Bufkin, Satterfield, Shell, Williams & Buford,* Jackson, for appellee.

BRADY, TOM P., J.

This is an appeal from a judgment of the Circuit Court of the First Judicial District of Hinds County, Mississippi, which held for naught what purports to be an order of the Mississippi Workmen's Compensation Com-

mission. The judgment of the circuit court held that the purported order was without effect and could not be enforced, and remanded the case to the Commission for a proper decision, in accordance with the applicable law. Appellant, Claude I. Bruton, claimant below, appeals, and appellees, Mississippi Workmen's Compensation Commission and Boston Insurance Company, defendants below, cross-appeal.

The record in this case is voluminous; the facts are prolix, and the briefs are comprehensive and exhaustive. Since the basic merits of this case are not as yet for review, only those facts which are necessary to present the one issue involved will be considered.

Attorney Referee J. T. Hill rendered an order on February 24, 1964, which directed the employer carrier to furnish medical benefits to appellant as provided by law, and ordered the payments of compensation at the rate of $14 per week, without penalty, from September 18, 1962, for permanent and total disability for 450 weeks, or $5,000, whichever is the less amount.

An anomalous situation arose subsequent to the filing by the attorney-referee of his determination of the facts and his order based thereon. Upon review by appeal to the Workmen's Compensation Commission, most unusual occurrences took place. Chairman John Craig, who had testified in a related matter in behalf of appellees, recused himself, and Commissioner R. D. Everett voted to affirm the attorney referee, stating he saw no errors in fact or law. Commissioner Sam S. Allred, to the contrary, voted to deny the claim and filed therewith a succinct, but comprehensive, opinion stating his reasons for doing so. The orders of Commissioner Everett and Commissioner Allred were entered on July 3, 1964. It was the contention of appellant that on September 14, 1962, while he was a member of the Workmen's Compensation Commission, he sustained a heart attack while lifting a typewriter and a brief case in his office

preparatory to leaving it at the close of the day's business.

Appellant assigns only one error, which is that the Workmen's Compensation Commission and its attorney referee erred as a matter of fact in denying him maximum workmen's compensation benefits and the circuit court erred in affirmance thereof. The appellees on the other hand, however, urge four errors. It is unnecessary for us to consider any of the errors or points urged by appellant and appellees in their briefs except point three which is urged by appellees and cross appellants, which is that the Commission has failed to enter a valid decision in this case and its attempted proceedings are void.

The simple question, therefore, for consideration by this Court is: Did the Workmen's Compensation Commission, hereinafter called Commission, in compliance with the statutes controlling, make a decision as to the facts of the case at bar, and base its order thereon? At the outset, we can conclude that Commissioner Everett affirmed the order of the attorney referee while Commissioner Allred in his opinion reversed it.

We have, therefore, the decision of only two commissioners, one of whom voted with the attorney referee's findings of fact, while the other disagreed and voted against the attorney referee's determination of the facts. ▇▇ It is a well established rule of law in this state, as shown by numerous decisions of this Court, that the Mississippi Workmen's Compensation Commission, and not the attorney referee, is the trier of facts in compensation cases. Harbert Constr. Corp. v. Hughes, 250 Miss. 858, 168 So. 2d 506 (1964) and cases cited therein.

In Moon v. Erwin Mills, Inc., 244 Miss. 573, 578, 145 So. 2d 465, 466 (1962), we pointed out that the Commission is the trier of facts and it is the Commission's findings of fact which will not be disturbed on appeal if supported by substantial evidence. The findings of

fact as determined by the attorney referee are not comparable to the findings of a master in chancery. It is the finding of the Commission which this Court has said is entitled to have weight given to it.

In the case at bar the contention of the appellant at times is that the findings of the attorney referee should be considered equally as the opinion of a commissioner. With this contention we cannot agree. In Malley v. Over The Top, Inc., 229 Miss. 347, 353-55, 90 So. 2d 678, 680-81 (1956), the evaluation of an opinion and determination by the Commission when compared to a determination of facts and opinion by the attorney referee was clearly stated. In that case we cited Railway Express Agency v. Hollingsworth wherein it was pointed out that the attorney referee was a means or "facility for conducting the business of the Commission," but that the Commission was the trier of facts.

 Since its enactment, the Workmen's Compensation Act expressly provides for hearings to be held before a three man commission. Decisions of this Court have consistently required that at least two commissioners must agree before an adjudication of the facts and an award can be made by the Commission. Railway Express Agency v. Hollingsworth, 221 Miss. 688, 74 So. 2d 754 (1954). Mississippi Code Annotated section 6998-43 (Supp. 1964) still contemplates that the Commission shall act as a body in the promulgation of rules and regulations and in the trial and determination of cases. See also Dunn, Mississippi Workmen's Compensation secs. 175, 239 (1957).

 In addition, Procedural Rules 7 and 10 state that all hearings and all review hearings shall be held before the "full commission." It is evident, therefore, that the compensation act and also the Commission's rules contemplate that at all hearings the Commission as a body, or as a full commission, shall be present and shall vote. Apparently it is because of this requirement

that the commissioners are full time employees under the Act. The Act does not contemplate that a commissioner shall disqualify himself for any reason. On the other hand, the Act apparently contemplates that all three commissioners must sit, be the triers of fact, and hand down the necessary orders in all compensation cases. This being true, it necessarily follows that when one commissioner recuses himself or fails to act, it is impossible for the Commission to be the determiner of facts where only two remaining commissioners cannot agree upon the facts, and the decision and order of the attorney referee based thereon.

It is pointed out in 100 C. J. S. *Workmen's Compensation* section 381 (1958) that a single member may be authorized to hear and decide a compensation case, subject to review by the full commission on appeal; that the act itself determines the scope of authority and the powers of the commissioners.

> Under some compensation acts which vest jurisdiction over certain matters in the full board or commission, jurisdiction over such matters may not be exercised merely by a quorum of the board or commission when there is no vacancy on the board or commission. Under other acts, where jurisdiction over a matter is vested in the full board or commission, such jurisdiction may be exercised by a majority of the members of the board or commission, that is, by a majority of those who are qualified members at the time; and, accordingly, where a compensation board or commission consists of five members, three members may sit as a full board or commission, and where a board or commission consists of three members, two may constitute a quorum for the transaction of business or for the rendition of a decision. (100 C.J.S. at 135-36.)

In passing, the record has other striking anomalies. Appellant occasionally proceeded under the theory that the circuit court affirmed the findings of the attorney

referee and Commissioner Everett. The record discloses that the circuit court declared the cause remanded to the Commission and specifically held that the attorney referee's decision was for naught. To the contrary, the appellant first urges that, since the opinion was not a majority opinion by two commissioners of the three man commission, he has been deprived of a finding of fact and law by a majority of the Mississippi Workmen's Compensation Commission; and, second, that since the circuit court, upon appeal, did not make a finding of fact or law it is now encumbent upon this Court to make a finding of fact and law.

On the other hand, while the appellees approve appellant's first contention and urge as one of their strongest errors the same grounds, that there was not a majority opinion by two commissioners of the three man commission and therefore the case must be remanded, yet they nevertheless naively suggest that since the Commission did not make a majority opinion as to the findings of fact, this Court should make a finding as to facts and law, thereby ratifying the second contention of the appellant. As an alternative, the appellees suggest, one obvious and logical procedure would be for this Court to dauntlessly declare a majority vote of the Commission was against an award, adopting thereby the opinion of Commissioner Sam S. Allred. Appellees assert that this Court must so find because public policy seeks to end litigation and there is no impediment to this action. They finally contend that this Court must either affirm the judgment of the circuit court or deny the claim of Claude Bruton in its entirety.

■■ ■ There is no logic or merit in this assertion. However, we do have only one course to follow under the facts in this record. The Commission failed by a majority vote to determine the facts in this cause. The experienced and learned circuit judge in his opinion wisely stated that an appellate court can only hear an appeal

from a unanimous decision or a decision where there is a majority rule and dissenting opinion, or dissent without opinion, insofar as the Workmen's Compensation Act is concerned.

There is apparently a hiatus in the compensation law which the legislature might possibly care to remedy so that this anomaly will not again arise. This Court is a court of review and is not a trier of facts and, even if permissible, this Court does not intend to open, as Pandora did her fabled box of miseries, the dam gates and flood this Court with the duties of evaluating evidence and determining facts. The province of a jury or a commission should be jealously protected, not invaded.

■■■ This Court has no alternative. It must affirm the order of the circuit court, and this cause is hereby remanded to the Workmen's Compensation Commission for proper attention in order that a majority opinion of the full commission may be obtained as to the facts and its order based thereon, which upon appeal will be subject to review by this tribunal.

Affirmed and remanded.

*Lee, C. J., and Gillespie, Jones and Inzer, JJ.,* concur.