274 So.2d 117 (1973)
HEMPHILL DRUG COMPANY and Maryland Casualty Company
v.
Stephen Wesley MANN (Revived in the Name of Yvonne Mann).
No. 46983.
Supreme Court of Mississippi.
March 5, 1973.
Daniel, Coker, Horton, Bell & Dukes, Donald V. Burch, Jackson, for appellants.
Butler, Snow, O'Mara, Stevens & Cannada, Dan McCullen, Jackson, for appellee.
RODGERS, Presiding Justice.
Stephen W. Mann was seriously injured on September 3, 1968, while operating a delivery vehicle in the course of his employment with Hemphill Drug Company. As a result of this accident, Mr. Mann sustained a fractured femur and numerous minor *118 lacerations, abrasions and contusions. While awaiting surgery for the fractured femur, the claimant developed a psychosis which manifested itself in hallucinations, delusions, and depersonalization. By May, 1969, Mr. Mann's femur had healed sufficiently, in his orthopedic surgeon's opinion, such that claimant could enjoy a pre-accident level of use of his leg. However, due to claimant's extreme emotional distress, he continued to be lethargic, and to suffer from nightmares, hallucinations, and delusions. In order to ameliorate Mr. Mann's severe depression and emotional tribulation, his psychiatrist had prescribed various tranquilizers and sedatives.
On July 23, 1969, almost two months after claimant's femur had healed to a pre-accident level of usefulness, he fell down a flight of stairs at his girl friend's apartment and fractured his hip. The medical testimony delivered at the Workmen's Compensation Commission hearing showed that there was no physical causal connection between claimant's fractured femur and a weakened leg which might make claimant susceptible to lose his footing and fall. The physicians, however, who attended claimant immediately after he was admitted to the hospital for the injuries received in his second accident, stated that he was also suffering from an "organic brain syndrome", a condition apparently precipitated from an overuse of the medication prescribed for the claimant's psychosis. At the Commission hearing, claimant's psychiatrist testified that claimant's propensity to overmedicate was a result of claimant's attempts to quell his psychosis generated anxieties, and, thus, claimant's psychosis caused him to abuse his prescribed drugs.
By the time of the Workmen's Compensation hearing in November, 1969, claimant had recovered from his psychosis, and the hip injury sustained in the second accident was almost completely healed.
Claimant's employer voluntarily paid claimant's medical expenses as well as compensation benefits from September 3, 1968, until March, 1969, at which time all payments were terminated. In connection with the second accident, claimant's employer declined to pay medical expenses or compensation benefits.
A series of hearings was conducted before the attorney-referee, and on June 25, 1970, the attorney-referee entered an order awarding certain benefits to the claimant while denying certain other benefits connected with the second accident. On appeal to the full Commission, the decision of the attorney-referee was reversed, and additional benefits were awarded to claimant, including medical expenses and compensation arising out of the second accident of July 23, 1969. In an order dated January 12, 1972, the Circuit Court of the First Judicial District of Hinds County, Mississippi, affirmed the order of the full Commission in its entirety.
Claimant died on June 10, 1971, of unexplained causes, and the lower court revived the cause in the name of the decedent's widow and sole heir-at-law, Yvonne Mann.
On appeal to this Court, appellant has assigned ten errors. However, in considering the merits of this appeal, there are only three broad issues which require consideration in determining the disposition of this cause.
First, it must be determined whether or not there is a chain of causation between the claimant's work-related accident and his subsequent psychosis and fall of July 23, 1969. In connection with the accidents of September 3, 1968, and July 23, 1969, the Mississippi Workmen's Compensation Commission found the following facts:
"1. The admitted injury sustained by the claimant on September 3, 1968, aggravated a preexisting emotional or mental condition suffered by the claimant.
2. The accidental injury suffered by the claimant on July 23, 1969, was causally *119 related to the admitted accident of September 3, 1968.
* * * * * *
4. The evidence is insufficient to support a finding that the claimant has reached his maximum medical recovery."
The appellant contends that these findings are erroneous, arbitrary, capricious and unsupported by the evidence presented in this case. However, our analysis of the facts presented in the proceedings conducted before the Commission, indicates that there was sufficient evidence presented to sustain the findings of the Commission.
The testimony of Dr. Roberts, claimant's psychiatrist, established a clear causal connection between claimant's work-connected automobile accident and claimant's subsequent emotional deterioration. In unequivocal language, Dr. Roberts stated:
"[W]hatever happened to him (Steve Mann) psychiatrically or emotionally, I feel like was brought on by the acute stress of the automobile accident. * * *"
Appellants presented no witnesses (expert or otherwise) to contradict Dr. Roberts' conclusion. In fact, the only witness called on behalf of the appellants was Dr. Paul Derian, the claimant's orthopedic surgeon. While Dr. Derian delivered testimony concerning the claimant's physical condition, he made no attempt to get involved in the claimant's psychiatric problem. There is, then, considering the testimony of Dr. Roberts, Steve Mann, and his father, Jack Mann, substantial uncontroverted evidence to support the full Commission's finding of fact that the accident of September 3, 1968, aggravated a preexisting emotional disorder to the level of a full-blown psychosis, and that the accident of September 3, 1968, was causally related to the accident of July 23, 1969.
There is a considerable body of authority to support the proposition that the findings of fact of the Workmen's Compensation Commission must be upheld so long as those findings are supported by substantial evidence. Malley v. Over the Top, 229 Miss. 347, 90 So.2d 678 (1956), contains a recital of the law which is representative of the decisions in the many cases dealing with the propriety of the Workmen's Compensation Commission's findings of fact. In Malley, this Court held:
"We are of the opinion that it was the intention of the legislature to make the Commission the trier of facts... . Accordingly, we hold that the Commission itself is the trier of facts and any question of fact decided by it is conclusive on appeal if it is supported by substantial evidence." 229 Miss. at 354-355, 90 So.2d at 681.
See also Bruton v. Mississippi Workmen's Compensation Com'n, 253 Miss. 694, 703, 178 So.2d 673, 676 (1965); Capital Broadcasting Company v. Wilkerson, 240 Miss. 64, 126 So.2d 242 (1961); Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So.2d 221 (1954); Dunn, Mississippi Workmen's Compensation, 2d ed., §§ 272 & 289 (1967).
After weighing the evidence in this case and upon consideration of the applicable law, we hold that the findings of fact of the Mississippi Workmen's Compensation Commission are justified by the testimony presented in this case.
The second issue to be resolved by this Court deals with the compensability of an emotional disorder aggravated by a work-related injury. In Larson, The Law of Workmen's Compensation, the general rule concerning the precipitation of nervous injury by physical trauma is stated as follows:
"... [W]hen there has been a physical accident or trauma, and claimant's disability is increased or prolonged by traumatic neurosis, conversion hysteria, or hysterical paralysis, it is now uniformly held that the full disability including *120 the effects of the neurosis is compensable. Dozens of cases, involving almost every conceivable kind of neurotic, psychotic, depressive, or hysterical symptom or personality disorder, have accepted this rule." Larson, The Law of Workmen's Compensation, Vol. 1A, § 42.22, p. 622.162 (1967).
Professor Larson also finds authority to indicate that when an emotional weakness precedes the aggravating physical injury, the claimant may be compensated to the extent his emotional weakness is worsened or to the extent a new, more serious psychological disorder is precipitated. The learned professor states:
"As in other connections, a preexisting weakness in the form of a neurotic tendency does not lessen the compensability of an injury which precipitates a disabling neurosis." Larson, The Law of Workmen's Compensation, Vol. 1A, § 42.22, p. 62.168 (1967).
In Miller Transporters, Ltd. v. Reeves, 195 So.2d 95 (Miss. 1967), this Court espoused the "clear evidence" test for establishing a causal connection between a work-related accident and a subsequent psychoneurosis. Justice Patterson, in an opinion presented on behalf of this Court, noted:
"This court is committed to the rule of law that a claimant asserting that a mental or nervous disease has resulted from an industrial accident must show the causal connection between the accident and the psychoneurosis by clear evidence. National Impact Metal Corp. v. Huffstatler, 184 So.2d 877 (Miss. 1966); Powers v. Armstrong Tire & Rubber Co., 252 Miss. 717, 173 So.2d 670 (1965); Johnson v. Gulfport Laundry & Cleaning Co., 249 Miss. 11, 162 So.2d 859 (1964); Bates v. Merchants Co., 249 Miss. 174, 161 So.2d 652 (1964); and International Paper Co. v. Wilson, 243 Miss. 659, 139 So.2d 644 (1962).
The claimant doubtless suffered a physical injury which resulted in a permanent partial physical disability. The emotional upset is compensable if there is a clear causal connection between it and the physical injury. The crux of the situation is whether there is a clear causal connection portrayed by the evidence adduced in the cause." 195 So.2d at 100.
See also Dunn, Mississippi Workmen's Compensation, 2d ed., § 114, pp. 147-148 (1967).
In determining whether or not there is "clear evidence" of a causal connection, the Workmen's Compensation Commission has the discretion to determine the probative value of expert medical testimony. In Miller Transporters, Ltd., supra, this Court held:
"The probative value of medical testimony is for the fact finding tribunal to decide. 100 C.J.S. Workmen's Compensation § 555(5)c, p. 676; and cases cited. `The mere expression of a medical opinion couched in somewhat equivocal language may not always be grasped as a substitute for fair and substantial evidence in the field of mental illness, and if testimony of an expert witness is unconvincing, his conclusions need not be accepted. 100 C.J.S. Workmen's Compensation § 555(15), pp. 721, 722.' [Johnson v. Gulfport Laundry & Cleaning Co.] 249 Miss. [11] at 21, 162 So.2d [859] at 863.
* * * * * *
... [T]he determination of facts is clearly within the province of the commission." 195 So.2d at 100.
Sampson v. Alco Products, 7 A.D.2d 663, 179 N.Y.S.2d 155 (3d Dep't. 1968) presents a set of facts which parallels the circumstances existing in the instant case. In Sampson, the employee sustained a low back injury while lifting metal materials in the course of his employment. While expert medical testimony indicated that the *121 claimant had suffered some form of physical injury, there was no indication of a herniated disc. Consequently, the claimant's orthopedist concluded that there might be a psychosomatic basis for claimant's persistent pain. While undergoing shock treatment prescribed for the possible psychosomatic pain, claimant suffered a paraplegia. Surgical exploration subsequently revealed that claimant's vertebral problems were due to metastatic neoplasm. While there was evidence to show that the metastatic process was not caused by claimant's work-connected injury, medical testimony established that the treatment necessitated by the work-connected injury and especially the shock treatment arising out of claimant's back complaint accelerated the degradation of claimant's spinal cord condition which, in turn, ultimately caused claimant's death. The New York Supreme Court, Appellate Division, affirmed the decision of the lower court in awarding compensation to the claimant, and in so doing, followed a long line of New York decisions which recognize the compensability of emotional disorders related to work-connected injuries as well as the compensability of secondary physical disabilities arising out of work-aggravated emotional disorders. See Munsie v. Di Fiore, 19 A.D.2d 916, 243 N.Y.S.2d 988 (3d Dep't. 1963); Pokorny v. Chadbourne Wallace, Parkes & Whiteside, 14 A.D.2d 662, 219 N.Y.S.2d 130 (3d Dep't. 1961); Daugherty v. Midland Painting Company, 14 A.D.2d 961, 221 N.Y.S.2d 70 (3d Dep't. 1961); Edmonds v. Kalfaian and Son, Inc., 9 A.D.2d 551, 189 N.Y.S.2d 456 (3d Dep't. 1959); Griffiths v. Shaffrey, 283 App.Div. 839, 129 N.Y.S.2d 74 (3d Dep't. 1954).
While this Court is not prepared to adopt the New York doctrine unequivocally, we do think that under the facts and circumstances set forth in the case now on appeal, there was sufficient "clear evidence" as well as an adequate foundation in law to support the findings of the Mississippi Workmen's Compenation Commission and the decision of the Circuit Court of Hinds County, Mississippi.
Finally, the third issue concerns whether or not this cause has been improperly revived in the name of the claimant's wife, Yvonne Mann. Appellants suggest that only a duly appointed, qualified and acting legal representative of claimant's estate is empowered to pursue this appeal. Appellants thus argue that whatever compensation was due the claimant, but unpaid at the time of his death, should now be paid to claimant's estate and not to his widow and sole heir-at-law, Yvonne Mann.
Mississippi Code 1942 Annotated Section 6998-13 (Supp. 1972) states that death benefits are to be paid to the claimant's dependents  his wife, child or children. While claimant's death in the instant case is not claimed to be related to his work-connected accident, the legislative intent to make compensation payable to the dependents of the deceased claimant is still nonetheless apparent. Furthermore, no useful purpose would now be served by requiring that claimant's estate be reopened so that the compensation due the claimant at the time of his death can be distributed. To do so would only result in a needless expense to claimant's estate and a useless burden to his widow. Therefore, we hold that this appeal was properly revived in the name of claimant's wife, his sole heir-at-law.
Considering our determination that a causal connection exists between the work-related accident of September 3, 1968, and claimant's fall of July 23, 1969, and that the findings of the Workmen's Compensation Commission are supported by clear and substantial evidence as well as applicable legal authority, the decision of the Circuit Court of Hinds County is affirmed.
Affirmed.
PATTERSON, INZER, ROBERTSON and WALKER, JJ., concur.