377 So.2d 606 (1979)
Katherine COLEMAN
v.
CHATTANOOGA CONTAINER CORPORATION and Highland Insurance Company.
No. 51486.
Supreme Court of Mississippi.
December 5, 1979.
Walker, Brookins & Walker, John L. Walker, Jackson, for appellant.
Heidelberg, Woodliff & Franks, Robert T. Gordon, Jr., Jackson, for appellees.
Before ROBERTSON, P.J., and LEE and BOWLING, JJ.
LEE, Justice, for the Court:
The Circuit Court of Claiborne County affirmed an order of the Mississippi Workmen's Compensation Commission, which denied compensation benefits to Katherine Coleman, and the claimant has appealed here.
Claimant assigns six (6) errors in the judgment of the lower court, but those assignments present only two (2) questions for decision by this Court.

*607 I.
Was the order of the Mississippi Workmen's Compensation Commission supported by substantial evidence?
The real question in this case is whether or not claimant sustained an injury in the course of her employment. The evidence is in conflict. Claimant, a 54-year-old female with a sixth grade education, testified that she had been working for Chattanooga Container Corporation on a glue machine since 1974. On December 7, 1975, her last day of work, she hurt her back while lifting a bucket of glue. Appellant couldn't raise up and told another female employee that she had hurt her back. Appellant further testified that she reported the injury to her supervisor, Jessie Burton, that she worked the rest of the day real slow, then went home and to bed, tried to get a doctor, but could not. On the following Monday morning (the injury was Saturday) Dr. Roy Barnes saw and examined her on a house call, gave her a shot, checked her pulse and blood pressure and advised her she had the flu. Appellant said she complained to the doctor that her back hurt.
Dr. John Evans, an orthopedic specialist in Vicksburg, examined claimant on May 18, 1976. From the history he obtained and his examination, it was his opinion that claimant probably had a herniated nucleus pulposus at either lumbar 4, 5 or lumbar 5, S-1, and that such condition was related to claimant's having lifted the heavy bucket of glue with the onset of pain radiating down her right leg. He further was of the opinion that claimant could not engage in repeated bending or lifting and that in order to get a prognosis he would require a week of physical therapy. If the therapy did not improve the patient, she should have a lumbosacral myelogram and, if the myelogram demonstrated a significant herniated disc, she should have disc surgery performed.
One female employee was working about five (5) or six (6) feet away from claimant and did not observe or know that claimant had hurt her back, but did hear her say she hurt it. Claimant's sister, who works in the same factory, although not in the same area, stated that she went home with claimant, that claimant's back was bothering her, and she was walking a little slower.
Mrs. Jessie Burton, claimant's supervisor, denied that claimant reported to her on December 7, 1975, that she had hurt her back. She testified that she visited claimant in her home on Sunday one week after the alleged injury, that claimant complained of a bad cold, but did not make any statement or complaint to her regarding any back pain or injury, and that their conversation was to the effect "That's the way the flu will do you."
Dr. Roy M. Barnes testified that he saw claimant for influenza in the first part of December, 1975, while on a house call, that he was not aware of any back injury at that time, nor did claimant complain of a back injury, that if he had been seeing her about an injury on the job, he would not have made a house call, but would have required her to come to his office.
Dr. F. Lamar McMillin, Jr. saw and examined claimant on December 18, 1975, eleven (11) days after the date of the alleged injury. He testified that she did not relate to him any specific cause of her back pain, but said she needed to bend over frequently in her daily work and that this was painful. He did not order back X-rays because he did not feel they were indicated from his examination, together with the fact that he had no history of claimant having a work-related injury. He stated that, "If I had thought it was a work-related injury, I would have recommended X-rays on December 18." He saw claimant again January 5, 1976, and he assumed that her back was less of a problem on that date than it was on December 18, because it wasn't significant enough for him to mention it in his notes. He was of the opinion that, based on examining her chart plus his physical examination for obesity and history of back pain being aggravated by bending frequently, claimant had episodes of back pain prior to December 18, 1975.
The principle is recognized that, if the decision of the Workmen's Compensation Commission is based upon substantial evidence, *608 it will not be overturned. In Hemphill Drug Co. v. Mann, 274 So.2d 117 (Miss. 1973), this Court said:
"There is a considerable body of authority to support the proposition that the findings of fact of the Workmen's Compensation Commission must be upheld so long as those findings are supported by substantial evidence. Malley v. Over the Top, 229 Miss. 347, 90 So.2d 678 (1956), contains a recital of the law which is representative of the decisions in the many cases dealing with the propriety of the Workmen's Compensation Commission's findings of fact. In Malley, this Court held:
`We are of the opinion that it was the intention of the legislature to make the Commission the trier of facts... . Accordingly, we hold that the Commission itself is the trier of facts and any question of fact decided by it is conclusive on appeal if it is supported by substantial evidence.' 229 Miss. at 354-355, 90 So.2d at 681.

See also Bruton v. Mississippi Workmen's Compensation Com'n, 253 Miss. 694, 703, 178 So.2d 673, 676 (1965); Capital Broadcasting Company v. Wilkerson, 240 Miss. 64, 126 So.2d 242 (1961); Smith v. St. Catherine Gravel Co., 220 Miss. 462, 71 So.2d 221 (1954); Dunn, Mississippi Workmen's Compensation, 2d ed. §§ 272 & 289 (1967)." 274 So.2d at 119.
The claimant argues that the Commission used an improper standard and burden of proof since the Commission found that claimant had failed to demonstrate, beyond speculation and conjecture, that she sustained an accidental injury arising out of, and within the course and scope of, her employment. There is no merit in this argument. The burden is upon the plaintiff to prove by substantial evidence that she sustained an injury arising out of, and within the course and scope of, her employment. If the order of the Commission, be it for the claimant or for the employer/carrier, is supported by substantial evidence, it must stand. In Flintkote Co. v. Jackson, 192 So.2d 395 (Miss. 1966), the Court said:
"The burden of proving his claim beyond speculation and conjecture is on the claimant in workmen's compensation cases. The statute requires that the injury be one which both arises out of and is sustained in, the course of employment, and the burden is on the claimant to establish both elements." 192 So.2d at 397.
The claimant contends that no one saw her at the time she sustained the alleged injury, and that her testimony is undisputed and must be accepted as true. However, physical facts, circumstances and contradictions are sufficient to rebut testimony that an injury was sustained in the course of employment. We are of the opinion that the order of the Workmen's Compensation Commission, the finder of fact, is supported by substantial evidence.

II.
Were the testimony of Margaret Rainer and appellant's personnel file pertaining to a telephone conversation with claimant admissible in evidence?
Margaret Rainer was receptionist and personnel clerk for Chattanooga. She testified that claimant, or someone for her, telephoned the plant and told her that claimant could not come back to work due to a back injury from falling down the steps. She identified her handwriting on claimant's personnel folder with two (2) entries thereon made by her (Rainer) which indicated the following:
"Called to report to work on 1/23/76"
and
"1/26/76 did not come back due to back injury of falling down steps."
Mrs. Rainer said she could not swear that the person calling on the telephone was claimant. There was no error in admitting this testimony, since Mrs. Rainer testified to facts in her best judgment and to the best of her recollection. She made the notation on claimant's personnel folder and identified it as having been entered after her conversation with the person who, in her best judgment, was claimant. The evidence *609 was admissible, and the weight to be given same was for the Commission.
The judgment of the lower court and the order of the Mississippi Workmen's Compensation Commission are affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, BOWLING and COFER, JJ., concur.