ISHEE, J.,
 

 for the Court.
 

 ¶ 1. The Mississippi Workers’ Compensation Commission (Commission) affirmed the administrative law judge’s denial of workers’ compensation benefits to Joshua Odom. Odom then appealed to the Circuit Court of Forrest County, which affirmed the Commission’s judgment. Aggrieved, Odom appeals and argues that it was in error to deny his claim for workers’ compensation benefits. Finding no error, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Odom was a student at Jones Community College and a part-time employee with FedEx Ground in Hattiesburg, Mis
 
 *363
 
 sissippi. He began working for FedEx in the summer of 2002. He generally worked weekdays from 5:00 p.m. until 9:00 p.m., for approximately fifteen to twenty hours per week. In December 2003, Odom experienced pain in his back while at work. Odom filed a petition to controvert on January 18, 2005. In it, he claimed that the injury occurred on December 14, 2003, and that his supervisor allowed him to go home early that night.
 

 ¶ 3. Odom claimed that, after the injury, he visited Dr. John Beamon, at the Family Care Clinic, complaining about back pain. The first of these visits occurred on December 11, 2003. Odom indicated that he may not have told Dr. Beamon that the injury occurred at work, and it was shown that Odom’s record from the visit to Dr. Beamon’s contained a notation of “rein-jured.” Odom returned to see Dr. Beam-on on December 16, 2003, at which time he was referred to Dr. Michael Molleston, with Wesley Medical Center.
 

 ¶ 4. On December 18, 2003, Odom went to the emergency room at Wesley. He indicated on the patient information form that the injury was not work related. His record from that visit reflected the following: chronic back pain that began six months prior, a recent turning injury at home, and prior chronic back pain. When Odom returned to Wesley on December 20, his record reflected the following: pri- or back injury/pain, a recent lifting/turning/bending injury at work, and that the back pain began twenty-two weeks prior. On January 7, 2004, Dr. Molleston diagnosed Odom with a ruptured disc and severe sciatica, and Dr. Molleston later performed surgery on Odom to correct the problem. Odom told Dr. Molleston that he had begun experiencing back pain approximately ten or eleven months ago and that he had been referred to a doctor at that time. However, he also told Dr. Molleston that he had hurt his back lifting a thirty-five pound sack of parcels at work.
 

 ¶ 5. At Dr. Molleston’s deposition, he testified that Odom’s symptoms were consistent with the lifting injury that Odom described, and Dr. Molleston thought that the injuries were work related. He did not believe that Odom could have worked at FedEx since 2002 with the ruptured disc. More likely, the injury had likely occurred between three weeks and three months before Dr. Molleston first saw Odom. Following Odom’s surgery, Dr. Molleston initially told Odom not to lift anything more than thirty pounds, but the doctor indicated that Odom could return to work with no restrictions after May 3, 2004. However, as of February 2006, Dr. Molleston had placed a forty to fifty pound lifting restriction on Odom.
 

 ¶ 6. Pattie Boone was the manager of the Hattiesburg FedEx office. She participated in two depositions. She said that there was never a work-related injury reported to her by Odom or his supervisor, Willie Thompson. Apparently, Thompson had told Boone that he allowed Odom to leave early on the night Odom allegedly injured his back because his back “felt funny.” Neither Thompson nor anyone else filed an accident report concerning the incident. According to Boone, it was FedEx’s policy to file an accident report whenever there was an accident, and the lack of such a report indicated that Odom never reported an accident. Also, Boone testified that Odom had suffered a skateboarding accident in the summer of 2003. She said that she had given Odom the name of a chiropractor that she recommended.
 

 ¶ 7. At the hearing on the matter, Odom admitted that he was unsure of the date of his injury. He agreed that it must not have occurred on December 14. He said that he visited Dr. Beamon the day after
 
 *364
 
 the injury, so, since Dr. Beamon’s records indicated a December 11 visit, the injury must have occurred on December 10. When Odom was shown his time sheet for FedEx, he was unable to explain why it reflected that he worked December 10, 11, and 12. Additionally, Odom testified that he went home early that night and never returned to work for FedEx. He said that, while lifting a sack of parcels, he felt a sharp pain in the left side of his back and in his leg. Between December 10, 2003, and his surgery on January 26, 2004, he said that he could do nothing but lie in bed all day. He could not explain why Dr. Beamon’s records did not reflect that his back pain was work related. As for the records at Wesley, Odom said that his mother filled out those forms for him. Odom admitted that he had experienced back pain prior to the alleged injury; however, the exact time when he began experiencing back problems was unclear. He had been referred to see a Dr. Patterson,
 
 [1]
 
 but according to Dr. Molleston, Odom never visited Dr. Patterson because he had to quit work and lost his medical insurance. However, Odom maintained that he experienced back problems the entire time he worked for FedEx and that he was referred to Dr. Patterson while working for FedEx. Odom also admitted that he liked skateboarding, but he denied Boone’s statement that he had injured his back while skateboarding.
 

 ¶ 8. At the time of the hearing, Odom was working for the Ford dealership in Hattiesburg. He was working full-time delivering parts and making approximately $200 per week more than when he worked at FedEx. FedEx had not paid Odom any benefits, but Vocational Rehabilitation had provided some assistance to pay for his medical treatment.
 

 ¶ 9. The administrative law judge determined that Odom had not met his burden of proving that he had sustained a compen-sable work-related injury. The judge concluded that to find for Odom, he “would have to indulge in excessive speculation and conjecture because of the numerous contradictions and inconsistencies in [Odom’s] story....” Therefore, the judge denied Odom’s claim for workers’ compensation benefits. Odom appealed that ruling to the Commission, which affirmed the administrative law judge’s ruling. Odom then appealed to the circuit court, which affirmed the Commission’s decision. Following that judgment, Odom filed the present appeal.
 

 STANDARD OF REVIEW
 

 ¶ 10. This Court applies a limited standard when reviewing a decision of the Commission.
 
 Ameristar Casino-Vicksburg v. Rawls,
 
 2 So.3d 675, 679(¶ 16) (Miss.2008) (citation omitted). As the Commission is the ultimate fact-finder, we will only reverse its decision if it was not supported by substantial evidence, was arbitrary and capricious, or if it contained an error of law.
 
 Id.
 
 ‘When, as here, the Commission accepts the [administrative law judge’s] findings and conclusions, we review those findings and conclusions as those of the Commission.”
 
 Id.
 
 (citation omitted).
 

 DISCUSSION
 

 ¶ 11. Odom asserts only one issue on appeal-that the Commission erred in finding that he did not prove by a preponderance of the evidence that he suffered a compensable work-related injury. Accordingly, Odom argues that it was error to deny his claim for workers’ compensation benefits.
 

 
 *365
 
 ¶ 12. In support of Odom’s argument that he presented substantial evidence to support his claim, he notes a number of allegedly erroneous findings made by the Commission. First, Odom argues that, although the actual date of the alleged injury was disputed, it was undisputed that he hurt his back one night while lifting boxes in the scope of his employment. He notes that Boone’s testimony corroborates his claim that he suffered an injury at work, and he argues that his inability to pinpoint the exact date of the injury is irrelevant. Second, Odom points to the testimony of Dr. Molleston as support for his claim. According to Dr. Molleston, there was evidence that Odom had prior back pain, but it was Dr. Molleston’s opinion that Odom suffered a recent acute rupture of a vertebrae, which was the actual injury. Lastly, Odom argues that the Commission should not have held it against Odom that FedEx did not follow its established procedure in filling out an accident report following his injury. Other than there having been no injury at all, Boone offered no explanation for the absence of an accident report. Odom notes that it was FedEx’s responsibility, and not his own, to fill out an accident report; therefore, he argues that its absence should not have been construed against him.
 

 ¶ 13. It is, of course, the rule that doubtful workers’ compensation cases should be resolved in favor of compensation.
 
 Reichhold Chem., Inc. v. Sprankle,
 
 503 So.2d 799, 802 (Miss.1987). The Commission cited this standard in its ruling. The Commission further relied on the correct legal standard in stating that Odom had the burden of proving by a preponderance of the evidence that he suffered an accidental injury arising out of and in the course of his employment.
 
 Hedge v. Leggett & Platt, Inc.,
 
 641 So.2d 9, 13 (Miss.1994) (citation omitted). Additionally, the Commission noted that this standard required Odom to prove his case “beyond speculation and conjecture.”
 
 Coleman v. Chattanooga Container Corp.,
 
 377 So.2d 606, 608 (Miss.1979) (affirming denial of workers’ compensation benefits to a claimant when the “physical facts, circumstances[,] and contradictions” were sufficient to rebut her testimony of an on-the-job injury) (citation omitted).
 

 ¶ 14. In the present case, the Commission pointed out numerous contradictions and inconsistencies in Odom’s account. Among those were the following: (1) Odom was unsure of the date of the injury; (2) Odom claimed to have gone home early and never returned to work after the injury, but his medical records showed that he visited Dr. Beamon on December 11, the day after the alleged injury, but his FedEx time sheets reflected that he worked his normal shifts on December 10, 11, and 12; (3) Dr. Beamon’s reports mention no work injury; (4) upon checking in at Wesley, Odom first indicated that his injury was not work related but had occurred at home, but on his second visit, he said that the injury had occurred at work; and (5) despite Odom’s assertion that he signed an accident report, there was no record of anyone ever filling out such a report.
 

 ¶ 15. According to Odom, his supervisor, Boone, admitted that Odom had suffered a back injury while at work. However, Boone’s testimony reveals that she was informed that Odom went home early simply because his back “felt funny.” Both Odom and Boone agreed that the night that Odom left work early was the last time he reported to work. Odom initially stated that the injury occurred on December 14, 2003, which he said was the day before he went to see Dr. Beamon. As it turned out, December 14 was a Sunday, and Dr. Beamon’s records reveal that Odom came for a visit on December 11.
 
 *366
 
 This would put the date of the alleged injury on December 10, the day before Odom visited Dr. Beamon. Contrary to Odom’s claim that the injury occurred on his last day of work, his timesheet shows that he worked full shifts on December 10 — the date of the injury — and the following two days. If, as Odom and Boone agree, Odom went home early on his last day of work, then he had already visited Dr. Beamon for a back injury the previous day. These facts indicate that Odom would have actually sustained the injury to his back prior to his last day of work, when he claimed to have suffered a work-related injury and went home early. There was no evidence in the record that revealed any work-related injury prior to Odom’s last day of work.
 

 ¶ 16. Not only was Odom’s account contradictory regarding the date of the alleged injury, but also his medical records were contradictory regarding whether the injury even occurred at work. “When a patient gives a history to a physician which is inconsistent with allegations in a workers’ compensation case, this is a significant factor in support of denial of a claim.”
 
 Raytheon Aerospace Support Servs. v. Miller,
 
 861 So.2d 330, 336(¶ 16) (Miss.2003) (citing
 
 Hudson v. Keystone Seneca Wire Cloth Co.,
 
 482 So.2d 226, 227-28 (Miss.1986)). In the present case, Odom’s various medical records reflect different accounts as to whether the injury occurred at home or at work and also as to when the injury occurred.
 

 ¶ 17. Ultimately, the Commission is the judge of the credibility of the witnesses.
 
 Barber Seafood, Inc. v. Smith,
 
 911 So.2d 454, 461(¶ 27) (Miss.2005) (citation omitted). It was the Commission’s finding in the present case that, in light of the inconsistencies and contradictions in the evidence and in Odom’s account, Odom did not prove by a preponderance of the evidence that he suffered a compensable work-related injury. We find that the Commission’s decision to deny benefits to Odom was not the product of an error of law and was not arbitrary and capricious. Further, Odom failed to prove that he suffered a compensable on-the-job injury.
 

 ¶ 18. Odom’s testimony was that he suffered an injury on his last day of work with FedEx — December 12. However, he visited Dr. Beamon the day before for a back injury, at which time he apparently did not inform the doctor that his injury was work related. If we are to ignore the uncontradicted testimony that Odom’s injury occurred on his last day of work and assume, as Odom also testified, that the injury occurred the day before he visited Dr. Beamon, we are then left with the fact that he worked full shifts on the date of the alleged injury and the following two days. Based on these facts, we agree with the Commission that Odom’s claim was based on too much speculation and conjecture. We find there was substantial evidence to support the Commission’s finding that Odom did not prove his claim by a preponderance of the evidence. Accordingly, this issue is without merit.
 

 ¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF FORREST COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J„ NOT PARTICIPATING.
 

 [1]
 

 . Dr. Patterson's first name is not given.