IRVING, P.J.,
for the Court:
¶ 1. On February 20, 2008, Anthony Tha-dison filed a petition to controvert with the Mississippi Workers’ Compensation Commission (Commission) alleging that he had sustained injuries to his neck while working as a forklift operator for Universal Lighting Technologies, Inc. (Universal). A hearing was held before an administrative judge (AJ), who denied Thadison’s claim for workers’ compensation benefits. Tha-dison appealed the AJ’s decision to the full Commission, which affirmed the AJ’s decision. Thadison appealed the Commission’s decision to the Circuit Court of Lincoln County. The circuit court affirmed the Commission’s denial of benefits and, upon motion by Universal, dismissed Thadison’s appeal for failing to file a timely appellate brief.
¶ 2. Feeling aggrieved, Thadison raises the following issues on appeal: (1) whether the circuit court erred in granting Universal’s motion to dismiss and (2) whether the circuit court erred in affirming the Commission’s ruling that Thadison’s injury was non-compensable due to the lack of medical testimony.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. Thadison began experiencing neck and back pain during 2005 while employed by Universal as a forklift operator. Thadi-son testified that in 2006, while operating a forklift at work, he hit a bump and “felt a jar” to his body. Then, he “felt a pop” in his neck when he looked up while driving the forklift. Thadison further testified that he did not report either incident to Universal, and he continued to work. When questioned by the AJ, Thadison admitted that he did not give Universal notice of a work-related injury prior to filing his petition to controvert.
¶ 5. On July 26, 2005, Thadison presented to Dr. Steven Liverman complaining of left-sided neck pain. Dr. Liverman prescribed medications and physical therapy for Thadison and released him to return to work on August 29, 2005. Dr. Liverman’s notes do not mention a work-related injury.
¶ 6. Sometime after Dr. Liverman released Thadison to return to work, Thadi-son reported to the emergency room at King’s Daughters Hospital in Brookhaven, Mississippi, complaining of left-sided next pain. The doctors at King’s Daughters referred Thadison to Dr. Patrick Barrett in Jackson, Mississippi. Dr. Barrett examined Thadison on October 25, 2005. During the visit, Thadison completed a questionnaire and indicated that his injury was not work related. Dr. Barrett diag *553 nosed Thadison with spinal stenosis and herniated discs. On October 26, 2006, Dr. Bruce Senter, Dr. Barrett’s partner, performed cervical surgery on Thadison.
¶ 7. Dr. Senter opined in his deposition that forklift driving did not have “anything to do with [Thadison’s] neck condition.” Additionally, Dr. Senter stated that there was “only a possibility” that Thadison’s job contributed to or aggravated his existing spinal condition.
¶ 8. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 9. The first issue raised by Thadi-son on appeal is whether the circuit court erred in granting Universal’s motion to dismiss for want of prosecution. The circuit court’s decision to grant Universal’s motion to dismiss will not be reversed absent an abuse of discretion. Hill v. Ramsey, 3 So.3d 120, 122 (¶ 6) (Miss.2009).
¶ 10. Universal filed its motion to dismiss for failure to prosecute based on Tha-dison’s failure to file an appellate brief. Thadison asserts that the circuit court erred in granting Universal’s motion because Universal did not renew its motion prior to the circuit court’s ruling on the merits of the case. However, the record completely belies Thadison’s argument. The record shows that counsel for Universal began the August 16, 2010 motion hearing by renewing Universal’s motion to dismiss based on Thadison’s failure to file an appellate brief. Thadison’s counsel was given an opportunity to respond. After the response, the circuit court decided that it would “rule on everything” after hearing oral argument on the merits of the appeal. Neither party objected to the circuit court reserving its ruling.
¶ 11. Moreover, the circuit court did not abuse its discretion in granting Universal’s motion to dismiss. When reviewing a final order of the Commission, the circuit court sits as an intermediate appellate court. Walker Mfg. Co. v. Cantrell, 577 So.2d 1243, 1247 (Miss.1991). Therefore, an appeal of the Commission’s decision “must conform to the practice of the Supreme Court, including form, time of filing[,] and service....” URCCC 5.06. Rule 31(b) of the Mississippi Rules of Appellate Procedure requires an appellant to serve and file his brief “within [forty] days after the date on which the record is filed.” When an appellant fails to file a brief within the time limitation set forth in Rule 31(b), “the appeal may be dismissed on motion of appellee.” M.R.A.P. 31(d) (emphasis added).
¶ 12. The circuit court clerk notified Thadison ninety-two days after the record was filed that his appellate brief was late. Subsequently, Thadison was given fourteen days, as provided by Rule 2(a)(2) of the Mississippi Rules of Appellate Procedure, “to correct the deficiency.” Twenty days later, Universal filed a motion to dismiss based on Thadison’s failure to file an appellate brief. Forty-two days after Universal filed its motion to dismiss, Tha-dison finally filed his brief. Thadison clearly missed the forty-day deadline as set forth by Rule 31(b) and failed to correct the deficiency within the fourteen days provided by the circuit court clerk. Therefore, the circuit court was within its discretion to grant Universal’s motion to dismiss. This contention of error is without merit.

Commission’s Decision

¶ 13. Thadison’s second contention of error is that the circuit court erred in affirming the Commission’s decision that Thadison had a non-compensable injury. An appellate court’s review of the Commis *554 sion’s decision is limited to determining whether the decision was supported by substantial evidence. Lott v. Hudspeth Ctr., 26 So.3d 1044, 1048 (¶ 12) (Miss.2010). This standard prohibits an appellate court from re-weighing the evidence and acknowledges that the Commission is the ultimate fact-finder and judge of the credibility of witnesses. Barber Seafood, Inc. v. Smith, 911 So.2d 454, 461 (¶ 27) (Miss. 2005).
¶ 14. In this case, the AJ determined that Thadison failed to prove that he had suffered a compensable injury, and the Commission agreed. In making his decision, the AJ noted that Thadison admitted he never gave notice of a work-related injury to Universal prior to filing his petition to controvert. Additionally, the AJ observed that Thadison’s medical records did not mention any relationship between Thadison’s neck problems and his job duties. Furthermore, the AJ noted that Dr. Senter, who eventually performed Thadison’s neck surgery, opined that there was only a possibility that Thadison’s job had aggravated his existing condition.
¶ 15. The Mississippi Supreme Court has stated: “When a patient gives a history to a physician which is inconsistent with allegations in a workers’ compensation case, this is a significant factor in support of denial of a claim.” Raytheon Aerospace Support Servs. v. Miller, 861 So.2d 330, 336 (¶ 16) (Miss.2005) (citing Hudson v. Seneca Wire Cloth Co., 482 So.2d 226, 227-28 (Miss.1986)). Here, Thadison’s medical records are devoid of any mention that his spinal condition is related to his job with Universal. Also, Thadison admitted that he never told anyone at Universal about his alleged injury. Additionally, the only medical expert whose testimony was offered in this case opined that there was only a possibility that Thadison’s condition and his job at Universal were connected. “It is well established that recovery under the workers’] compensation scheme must rest upon reasonable probabilities, not upon mere possibilities.” Harrell v. Time Warner/Capitol Cablevision, 856 So.2d 503, 511 (¶ 30) (Miss.Ct.App.2003) (citing Burnley Shirt Corp. v. Simmons, 204 So.2d 451, 454 (Miss.1967)). Based on these facts, we cannot say that the Commission erred in finding that Thadison failed to prove, by a preponderance of the evidence, that he had sustained a compen-sable work-related injury. This issue is without merit.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LINCOLN COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND RUSSELL, JJ., CONCUR. FAIR, J„ NOT PARTICIPATING.